■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MALDONADO, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant waived his right to seek a dismissal of the indictment on speedy trial grounds because of his failure to follow the statutory procedure, which requires that a motion to dismiss the indictment on that ground be made in writing (CPL 30.30 [1] [a]; *see, People v Lawrence,* 64 NY2d 200, 203). His oral application was not sufficient *(see, People v Key,* 45 NY2d 111, 116).

Defendant did not object to the court's charge on reasonable doubt and we conclude that the charge, when considered in its entirety, correctly conveyed to the jury the proper standard *(see, People v Jones,* 27 NY2d 222, 226; *People v Mitchell,* 124 AD2d 977; *People v Patterson,* 76 AD2d 891).

As conceded by the People, the conviction of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (4) and the sentence imposed thereon, must be vacated because the count charging the crime and the People's proof did not negate the home exception *(see, People v Rodri-*

*guez,* 113 AD2d 337, *revd on dissenting opn below* 68 NY2d 674). The conviction of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1) and the sentence imposed thereon may stand.

Although the statements made by defendant to the police should have been suppressed because of the inadequacy of the *Miranda* warnings, the error was harmless. Without these statements, the evidence of defendant's guilt was overwhelming and there is no reasonable possibility that the verdict would have been different if the statement had been suppressed.

Although the suppression court improperly used the *Gates* standard in upholding the validity of the search warrant *(see, Illinois v Gates,* 462 US 213; *People v Johnson,* 66 NY2d 398, 406; *People v Glass,* 136 AD2d 892, *lv denied* 71 NY2d 968), we determine that the warrant application is sufficient to satisfy the requirements of the *Aguilar-Spinelli* rule *(Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). (Appeal from judgment of Supreme Court, Onondaga County, Sullivan, J.—criminal possession of stolen property, second degree, and another charge.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.