OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, upon a jury verdict, of burglary in the second degree and criminal mischief in the fourth degree. The Appellate Division affirmed defendant’s conviction, rejecting defendant’s argument that the trial court improperly denied his requests for a missing witness charge. On appeal defendant contends that the trial court should have granted his requests to charge with respect to two police officers, Severe and Ruvio, who defendant maintains witnessed the station house interrogation of defendant by Detective D’Ambrosio. We agree with regard to one of the officers but, nevertheless, affirm on the ground that the error of the trial court was harmless.
 

 At trial, Detective D’Ambrosio testified that during the station house interrogation defendant confessed to committing the completed crime of burglary. On cross-examination, it was developed that Detective D’Ambrosio had testified inconsistently at a pretrial hearing to the effect that defendant had stated only that he had
 
 thought about
 
 committing the crime. In this same respect D’Ambrosio’s trial testimony was inconsistent with the pretrial hearing testimony of Officer Severe and with written police reports which, according to D’Ambrosio, had been prepared by Detective Ruvio who, concededly, had witnessed the entire interrogation. It is undisputed that Officer Severe, unlike Ruvio, walked in and out of the interrogation room and could not have heard the entire questioning.
 
 *763
 
 In seeking a missing witness charge defendant had the burden to prove “[1] that [the] uncalled witnesses were] knowledgeable about a material issue pending in the case, [2] that such witnesses could] be expected to testify favorably to the opposing party and [3] that such party has failed to call [them] to testify.”
 
 (People v Gonzalez,
 
 68 NY2d 424, 427.) Once defendant has made a prima facie showing of entitlement to the charge, "it becomes incumbent upon the [People], in order to defeat the request to charge, to account for the witnessfes’s] absence or otherwise demonstrate that the charge would not be appropriate. This burden can be met by demonstrating that the witnesses were] not knowledgeable about the issue * * * [or that] the testimony would be cumulative to other evidence”
 
 (id.,
 
 at 428). Under these facts, we conclude that defendant was entitled to a missing witness charge, but only with respect to Detective Ruvio who was present during the entire interrogation. There is no question that the testimony regarding defendant’s inculpatory statements involved material issues in the case and that Ruvio, as a police officer, would have been expected to testify favorably to the People. Thus, there was a prima facie showing of entitlement to the charge.
 

 To defeat this showing, the People contend, and the lower courts concluded, that Detective Ruvio’s testimony would have been merely cumulative. We disagree. This case is unlike
 
 People v Buckler
 
 (39 NY2d 895), upon which the People and the Appellate Division rely, where "there was no showing that the uncalled witness would have given different testimony.”
 
 (Id.,
 
 at 897.) Here, to the contrary, there was evidence that if Ruvio were called, his testimony would have been inconsistent with D’Ambrosio’s testimony. In addition to the other noted inconsistencies with the trial testimony and the pretrial accounts of the interrogation, the written police reports prepared by Ruvio were inconsistent with the trial testimony.
 

 But, we do agree with the People that the error was harmless in this case in view of the overwhelming evidence of guilt: the testimony of an eyewitness identifying defendant as the man he saw fleeing from the house which was burglarized, the defendant’s own written statement that he "was thinking of breaking into” the house, the evidence that defendant’s palm print was found at the house, and that defendant was apprehended, within minutes, near the crime scene
 
 (People v Crimmins,
 
 36 NY2d 230).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 
 *764
 
 Order affirmed in a memorandum.