■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL R. PUCKETT, Appellant. [623 NYS2d 444] —Judgment

unanimously reversed on the law and new trial granted. Memorandum: The trial court erred in denying defendant's request for a missing witness charge. Defendant met his initial burden of demonstrating that the uncalled witness, the victim of the assault, was "knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party" *(People v Gonzalez,* 68 NY2d 424, 428). It is undisputed that the witness was knowledgeable about the assault, and that his testimony would be material and relevant and not cumulative to other evidence *(see, People v Vasquez,* 76 NY2d 722, 724; *People v Gonzalez, supra,* at 428). Thus, it was incumbent upon the People to establish that the witness was not available or that he was not under their control such that he would not be expected to testify in their favor *(see, People v Vasquez, supra,* at 724; *People v Gonzalez, supra,* at 428). The prosecutor maintained at trial that the witness was unavailable, requiring the People to show that "the witness' whereabouts are unknown and that diligent efforts to locate him have been unsuccessful" *(People v Gonzalez, supra,* at 428). In our view, the People failed to meet that burden. In light of the less than overwhelming proof of physical injury *(see,* Penal Law § 10.00 [9]), we cannot deem the error in denying defendant's request for a missing witness charge harmless *(see, People v Crimmins,* 36 NY2d 230, 241).

We reject the contention that defendant was denied his right to a speedy trial. Defendant waived his right to dismissal on that ground by failing to make such a motion prior to trial *(see, People v Lawrence,* 64 NY2d 200; *People v Maldonado,* 154 AD2d 890, *lv denied* 75 NY2d 772). The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to support defendant's conviction of assault in the second degree (Penal Law § 120.05 [2], [7]). In view of our determination, we do not address the remaining issue. (Appeal from Judgment of Oswego County Court, McCarthy, J.—Assault, 2nd Degree.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.