■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MICKEWITZ, Appellant. [654 NYS2d 221] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant made a prima facie showing of his entitlement to a missing witness charge. The burden then shifted to the People to account for the witness's absence or to show that the charge would be inappropriate (*see, People v Gonzalez*, 68 NY2d 424, 428). The People failed to meet that burden. "[I]n the absence of a showing of why the witness was not called or that the charge, for some reason, would not be proper—the inference may be fairly drawn that the testimony of the missing witness, if called, would have been unfavorable" (*People v Kitching*, 78 NY2d 532, 537-538). Supreme Court therefore erred in denying defendant's request for a missing witness charge. In light of the less than overwhelming evidence of defendant's guilt, the error is not harmless (*see, People v Crimmins*, 36 NY2d 230, 241-242; *People v Puckett*, 212 AD2d 1041).

Because the People's case depended entirely upon circumstantial evidence, the court erred in permitting the jury to decide whether to apply the moral certainty standard of proof, i.e., "[t]he circumstantial facts proved must exclude to a moral certainty every hypothesis but guilt" (1 CJI[NY] 9.05, at 475; *see, People v Silva*, 69 NY2d 858, 859; *People v Ford*, 66 NY2d 428, 442). The prosecution's case rested only upon direct evidence of the collateral facts that defendant and his cousin were in the truck from which the fatal shot was fired and that the barrel of the shotgun was sticking out of the window on the driver's side. There was no proof, however, that defendant fired the shotgun or even that he, rather than the passenger, was holding the shotgun. Thus, because the evidence of defendant's guilt was entirely circumstantial, the failure of the trial court to instruct the jury that it must apply the moral certainty standard of proof may not be deemed harmless. Harmless error analysis is inapplicable where the "jury could not have known of its duty to apply the circumstantial evidence standard to the prosecution's entire case" (*People v Sanchez*, 61 NY2d 1022, 1023).

We have reviewed the remaining contention of defendant raised in his *pro se* supplemental brief and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Murder, 2nd Degree.) Present— Denman, P. J., Green, Pine, Callahan and Boehm, JJ.