THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS BROWN, Appellant. [772 NYS2d 168]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered February 8, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [4]). We agree with defendant that County Court abused its discretion in denying defendant's request for a missing witness charge with respect to Terrell Blake, the person against whom defendant was charged with intending to use the gun (*see generally People v Macana*, 84 NY2d 173, 179-180 [1994]; *People v Fields*, 76 NY2d 761, 763 [1990]; *People v Gonzalez*, 68 NY2d 424, 427-428 [1986]). As a preliminary matter, we note that the People contend for the first time on appeal that defendant's request for the charge was untimely, and thus their contention is not preserved for our review (*see People v Erts*, 73 NY2d 872, 874 [1988]). On the merits, we conclude that defendant met his

initial burden of establishing that Blake had knowledge about a material issue pending in the case and could be expected to testify favorably to the People (*see People v Kitching*, 78 NY2d 532, 536-537 [1991]; *Fields*, 76 NY2d at 763). The court erred in denying defendant's request based on its determination that Blake's testimony would be cumulative to that of one of the two eyewitnesses who testified for the People. Whether defendant possessed a loaded firearm and whether he intended to use it were key factual issues (*see* Penal Law § 265.02 [4]; § 265.03 [2]), and those issues turned on the testimony of two witnesses for the People and two witnesses for the defense. One of the People's eyewitnesses testified that defendant possessed the gun at one location, while the second eyewitness testified that defendant possessed and discharged the gun at Blake at another location. On the other hand, defendant and his brother testified that a third person, Gregory Joiner, possessed the gun, and that Joiner and Blake were chasing them. Under the circumstances of this case, the testimony of Blake—the victim named in the indictment—cannot be said to have been "trivial or cumulative" (*People v Rodriguez*, 38 NY2d 95, 101 [1975]; *see People v Brown*, 34 NY2d 658, 659-660 [1974]; *see also People v Smith*, 225 AD2d 1030, 1031 [1996]; *People v Ronchi*, 154 AD2d 891, 892 [1989]). "In these circumstances, the lines of dispute were drawn sharply in terms of credibility and the testimony of [Blake] might have made the difference" (*Rodriguez*, 38 NY2d at 101).

We reject the contention of the People that Blake was outside of their control or unavailable because he had criminal charges pending against him, based on allegations that he stabbed defendant's brother. Blake was not an uncalled accomplice in defendant's crimes herein, and there was no verification that Blake would plead the Fifth Amendment on the stand (*see Macana*, 84 NY2d at 177-180). Because it cannot be said that the evidence of defendant's guilt is overwhelming, we cannot conclude that the court's failure to grant defendant's request for a missing witness charge is harmless error (*see Kitching*, 78 NY2d at 539; *People v Mickewitz*, 236 AD2d 793 [1997], *lv denied* 90 NY2d 861 [1997]; *cf. Fields*, 76 NY2d at 763). In light of our determination, we need not address defendant's remaining contentions. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.