■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FIDELIS ONYIA, Appellant. [894 NYS2d 610]—

McCarthy, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 22, 2007 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the first degree, burglary in the first degree and robbery in the second degree.

As a result of an incident at the victim's apartment where two or three intruders pushed their way· in, brandished a handgun and stole money, defendant and codefendant Shavar Footman were charged in an indictment with the crimes of robbery in the first degree, burglary in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the third degree. Footman pleaded guilty and agreed to testify against defendant. After a jury trial at which the witnesses' accounts differed as to how many perpetrators were involved, what each individual did and who held the gun or guns during the incident, the jury convicted defendant of the first four counts but acquitted him of criminal possession of a weapon in the third degree. Supreme Court dismissed the count of criminal use of a firearm in the first degree as a noninclusory concurrent count, then sentenced defendant on the remaining three counts. Defendant appeals.

The jury's verdict was not repugnant. "[A] verdict as to a particular count shall be set aside only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury" (*People v Tucker*, 55 NY2d 1, 4 [1981]). Courts should not "intrude into the jury's deliberative process by speculating on how the jury perceived and weighed the evidence," but instead review only the charge to the jury to determine if the verdict was self-contradictory (*id.* at 7; *see People v Wallender*, 27 AD3d 955, 957 [2006]). Here, as to the relevant elements, Supreme Court charged the jury that to convict defendant of criminal possession of a weapon in the third degree, it must find that he knowingly possessed a loaded and operable firearm, either physically or constructively. The charge for criminal use of. a firearm in the first degree required the jury to find that defendant physically displayed what appeared to be a firearm. The charges for robbery in the first degree and burglary in the first degree required a finding that defendant or another participant in the crime displayed what appeared to be a firearm. Thus, a main difference in the charges is that for criminal possession of a weapon in the third degree, the jury had to find that the gun was genuine and operable, as

opposed to merely appearing to be a firearm. In acquitting defendant of criminal possession of a weapon in the third degree while convicting him of the other four counts, the jury could have found, "however illogically, that the gun's capability to fire was not proven" (*People v Tucker*, 55 NY2d at 8). Hence, the verdict was not inherently inconsistent.

Supreme Court erred in denying defendant's request for a missing witness charge. Such a charge "allows a jury to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (*People v Savinon*, 100 NY2d 192, 196 [2003]). The three preconditions for the charge are that the witness's knowledge must be material to an issue in the case, the testimony must be expected to be noncumulative and favorable to the party against whom the charge is sought, and the witness must be available to that party (*see id.* at 197; *People v Gonzalez*, 68 NY2d 424, 427 [1986]). "[T]o defeat the request for a missing witness charge, the opposing party must demonstrate that the witness is not knowledgeable about the issue, that the issue is not material or relevant, that the testimony from the missing witness would be merely cumulative to other evidence, that the witness is not available or that the witness is not under the party's control such that the witness would be *expected* to testify in the party's favor" (*People v Keen*, 94 NY2d 533, 539 [2000]). We will only disturb a trial court's determination on whether to grant a missing witness charge if the court abused its discretion (*see People v Savinon*, 100 NY2d at 197; *People v Demagall*, 63 AD3d 34, 39 [2009], *lv denied* 12 NY3d 924 [2009]).

Here, the missing witness was the victim's girlfriend at the time of the incident. She was present in the apartment during the robbery and when defendant purchased marihuana from the victim a few minutes before the intruders entered the apartment. The testimony of the victim, Footman and defendant, as well as the girlfriend's statement to police, demonstrated that she was knowledgeable about the incident and her eyewitness testimony could be material and relevant. Contrary to the People's contention that her testimony would be cumulative to that of Footman and the victim, their testimony was inconsistent on several points such that the girlfriend's testimony could have been helpful (*see People v Brown*, 4 AD3d 790, 791 [2004]). Although she was not present at the downstairs door to the apartment where the intruders rushed in, and may have been outside of view of the intruders at some point while she was upstairs, what the girlfriend heard, saw or could have seen is the precise information that could have been revealed had she

been called as a witness (*see People v Kitching*, 78 NY2d 532, 538 [1991]).

Concerning availability, Supreme Court merely accepted the prosecutor's statement that he could not locate the witness, without inquiring further (*cf. People v Savinon*, 100 NY2d at 198). While a witness may be considered unavailable if his or her location is unknown, the party opposing the charge must show that it made diligent efforts to locate the witness (*see id.* at 199 n 5; *People v Gonzalez*, 68 NY2d at 428). The prosecutor did not explain any efforts he undertook to locate the girlfriend, and confirmed that he personally was the only one who made any efforts; no police or investigators were asked to assist in locating her. On this record, the girlfriend's unavailability was not established.

Control, which is a separate and distinct consideration from availability, "does not concern physical availability but rather the relationship between the witness and the parties" based on their legal status or on the facts, such that it would be reasonable to expect one party to have called the witness to testify in his or her favor (*People v Gonzalez*, 68 NY2d at 429; *see People v Savinon*, 100 NY2d at 200). The witness's status as the complainant's girlfriend, and herself a victim of the robbery because she was present while gun-wielding intruders stormed the apartment, constituted a relationship to the People so as to render her under their control (*see People v Gonzalez*, 68 NY2d at 430; *People v Brown*, 4 AD3d at 791). Although the prosecutor stated that the victim was no longer dating the girlfriend and had not seen her in months, that representation was not confirmed, and defense counsel contested it by stating that the witness had moved to a new location near the victim's new residence (*cf. People v Keen*, 94 NY2d at 540). Defendant made a prima facie case that the witness was under the People's control and, without Supreme Court having taken any proof on the issue (*see People v Savinon*, 100 NY2d at 199), the People failed to rebut that showing. Accordingly, defendant was entitled to a missing witness charge and the court abused its discretion in refusing to so instruct the jury.

Due to the variances and inconsistencies in testimony from all of the witnesses, we cannot say that this error was harmless (*see People v Kitching*, 78 NY2d at 539; *People v Brown*, 4 AD3d at 791). Thus, defendant is entitled to a new trial.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the Supreme Court for a new trial.