■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE R. TURNER, Appellant. [903 NYS2d 159]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered June 30, 2008, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, attempted assault in the second degree, criminal use of a firearm in the second degree and criminal possession of a weapon in the second degree (two counts).

Following a jury trial, defendant was convicted of attempted assault and weapons charges but acquitted of attempted murder stemming from his shooting of Justin Woodard on March 12, 2007 in the City of Elmira, Chemung County. At trial, Woodard testified that he was driving with his friend Robert Brewer in the front passenger seat, when he stopped his car to speak with Larry Messick, a friend who was in the driver's seat of an SUV facing the opposite direction, parked on the other side of the street. As he began speaking to Messick through their open car windows, Woodard saw the passenger window behind Messick go down and two hands point a revolver at him and shoot, striking Woodard in the face just below his eye. Messick's front-seat passenger, Terrance Jackson, whom Woodard also knew, shouted encouragement to the shooter in the rear of the SUV to fire his gun. The back-seat shooter then shouted, "I hit him." While Woodard did not see the shooter and was not able to identify him at trial, Messick provided the same account as Woodard and identified defendant as the shooter and his only back-seat

passenger. Messick testified that he had observed defendant—through his rear view mirror—point a gun at Woodard and shoot him.

After the shooting, Woodard fled to the hospital and Messick drove off, but was pulled over shortly by police for running a stop sign. When Messick stopped his SUV, defendant jumped out of the rear passenger door and ran away, but was found by police hiding in the basement of a nearby residence; defendant was wearing clothing matching the descriptions given by Messick, as well as the officer who had stopped his SUV and watched defendant flee, and a citizen witness. The gun used by defendant was never recovered. The officer confirmed that Messick was the driver and Jackson the front-seat passenger, there were no other passengers, no guns or weapons were found on them or in the SUV, and that Messick had immediately confirmed that defendant had shot his friend. Brewer and Jackson[1] were not called by either side to testify at trial. After the close of proof, defense counsel's request for a missing witness adverse inference charge (see 1 CJI[NY] 8.54) with regard to Brewer was denied. Sentenced to a term of imprisonment of 12 years plus five years of postrelease supervision, defendant now appeals, challenging the denial of the missing witness charge and the sentence.

We affirm. We find no error or abuse of discretion in County Court's denial of a missing witness charge. As a threshold matter, defendant's request was untimely, belatedly coming as it did after the close of proof, without justification (see People v Britton, 27 AD3d 1014, 1015 [2006], lv denied 6 NY3d 892 [2006]; People v Slater, 13 AD3d 732, 734 [2004], lv denied 4 NY3d 803 [2005]; People v Coleman, 4 AD3d 677, 679 [2004], lvs denied 2 NY3d 797 [2004], 3 NY3d 672 [2004]). "The burden, in the first instance, is upon the party seeking the charge to promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call [the witness] to testify" (People v Gonzalez, 68 NY2d 424, 427 [1986] [emphasis added]). The charge is considered "upon a timely request" (id.), meaning "the issue must be raised as soon as practicable so that the court can appropriately exercise its discretion and the parties can tailor their trial strategy to avoid 'substantial possibilities of surprise' " (id. at 428 [emphasis added], quoting

---

1. After the People rested, Jackson's attorney represented to defense counsel that he would invoke his 5th Amendment privilege against self-incrimination if were called to testify.

McCormick, Evidence § 272, at 806 [3d ed]). Here defendant's failure to request the charge as to Brewer until after the proof closed renders it untimely, justifying County Court's denial.

In any event, on the merits, defendant's request for this charge was properly denied. Defendant did not meet his burden of demonstrating one of the preconditions for a missing witness instruction, that Brewer would "be expected to give noncumulative testimony favorable to the party against whom the charge is sought [i.e., the People]" (*People v Savinon*, 100 NY2d 192, 197 [2003]; *see People v Gonzalez*, 68 NY2d at 427-429). This control or favorability component concerns not Brewer's physical availability but, rather, the relationship between Brewer and Woodard (*see People v Savinon*, 100 NY2d at 197, 200; *People v Gonzalez*, 68 NY2d at 429). At the time of trial, Brewer was incarcerated in another county, having been charged as a codefendant of Woodard in an unrelated murder and robbery. Under these circumstances, it cannot be said that Brewer was in the control of the People, i.e., that there is a "a relationship, in legal status or on the facts, as to make it natural to expect the party [i.e., the People] to have called the witness [Brewer] to testify in [Woodard's] favor" (*People v Gonzalez*, 68 NY2d at 429; *see People v Savinon*, 100 NY2d at 200; *see People v Hilliard*, 49 AD3d 910, 913 [2008], *lv denied* 10 NY3d 959 [2008]; *cf. People v Onyia*, 70 AD3d 1202, 1205 [2010]).

The record also supports the conclusion of County Court—"[which] is best suited to determine the issue in light of the facts and circumstances of each case" (*People v Gonzalez*, 68 NY2d at 430)—that Brewer's testimony would have been cumulative, given the consistent and uncontradicted testimony of Messick, Woodard and the police officer who stopped the SUV, all of which established that defendant was the shooter and the only rear-seat passenger (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Macana*, 84 NY2d 173, 180 [1994]; *People v Gonzalez*, 68 NY2d at 430; *People v Almodovar*, 62 NY2d 126, 132-133 [1984]; *cf. People v Rodriguez*, 38 NY2d 95, 101 [1975]; *People v Onyia*, 70 AD3d at 1204-1205). Thus, defendant, who knew the identity and location of Brewer and chose not to subpoena him, was not entitled to a missing witness charge.

Finally, we are not persuaded to exercise our interest of justice jurisdiction to reduce defendant's aggregate 12-year sentence of imprisonment (*see* CPL 470.15 [6] [b]). Despite defendant's youth (age 19) and lack of prior violent criminal history, defendant shot another human being in the face at relatively short range, coming perilously close to killing him. County Court aptly concluded that it was only through some miracle (or the

victim's quick reflexes) that only minor injuries resulted. Further, while released on bail pending trial, defendant absconded and failed to appear and, when apprehended, he was found to be in possession of a loaded gun and crack cocaine.[2] In view of the foregoing, we do not discern the presence of extraordinary circumstances or find that imposition of a sentence on the upper end of the permissible sentencing range for the C-level violent felonies was an abuse of discretion.

Cardona, P.J., Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

2. Defendant later entered a guilty plea on those charges.