■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIP MOBLEY, Appellant. [908 NYS2d 686]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 20, 2009, convicting defendant, after a jury trial, of two counts of assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.

The court properly declined to give a missing witness charge regarding a witness who was clearly unavailable. Although the People had secreted him in a hotel for his own safety, he left the hotel, disobeyed a subpoena to appear, and could not be located despite diligent police efforts. Furthermore, although this witness was one of the victims of the assault, he had become hostile to the prosecution and could not be considered to be in the People's control for purposes of a missing witness charge (*see People v Gonzalez*, 68 NY2d 424, 428-429 [1986]). We reject defendant's argument that, because of their actions, the People waived, or should be estopped from asserting, their claims of unavailability and lack of control. Even if the witness had initially been available to the People and within their control, that situation had changed by the time of trial as the result of the witness's behavior, and there was no basis for the jury to draw any adverse inference against the People from their inability to bring him to court. We have considered and rejected defendant's remaining arguments on this issue.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.