■ The People of the State of New York, Respondent, v John M. Gavazzi, Appellant. [921 NYS2d 742]—

Mercure, J.P. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered July 9, 2010, convicting defendant upon his plea of guilty of the crimes of promoting a sexual performance by a child and possessing a sexual performance by a child.

After execution of a search warrant at defendant's residence yielded numerous digital and photographic images of children engaged in sexual behavior, he was charged with promoting a sexual performance by a child and possessing a sexual performance by a child. County Court denied his motion to suppress the evidence, and defendant ultimately pleaded guilty to the charges. He was sentenced to 90 days in jail and 10 years of probation. He now appeals, arguing that the evidence seized from his home must be suppressed because the search warrant was invalid in that it failed to identify the issuing court. Under the circumstances, we agree and therefore now reverse.

CPL 690.45 enumerates the form and content requirements for a search warrant, which include, as relevant here, "[t]he name of the issuing court" (CPL 690.45 [1]). Substantial compliance with this procedural requirement is sufficient (*see generally People v Taylor*, 73 NY2d 683, 689 [1989]). Thus, a search warrant will not be deemed invalid if it contains information from which the issuing court can be discerned (*see People v Smythe*, 172 AD2d 1028, 1029 [1991], *lv denied* 78 NY2d 927 [1991] [upholding a search warrant that stated venue as Erie County and designated signature of issuing County Court Judge as "JCC"]; *People v Pizzuto*, 101 AD2d 1024, 1025 [1984] [finding valid a search warrant that directed fruits of search be brought to Buffalo City Court, was dated "the 15 day of May, 1981 at Buffalo City Court," and designated signature of issuing Judge as "J.C.C."]). In our view, however, the search warrant at issue herein did not substantially comply with the statute.

Although testimony at the suppression hearing indicated that the warrant was issued by the Village of Greene Justice Court, the warrant erroneously designated the issuing court as "LOCAL CRIMINAL COURT, TOWN OF BROOME, BROOME COUNTY." No other court is referenced anywhere on the warrant. Moreover, the Village of Greene is located in Chenango County, and the Town of Broome does not exist in either Broome County or Chenango County. The signature of the issuing judge

did not clarify the matter, inasmuch as it is illegible and includes no other identifying information. In short, on its face the warrant appears to be issued by an unidentified judge in a nonexistent court and town in a different county.

We reject the People's argument that other information on the warrant—specifically the location of the property to be searched and the direction of the warrant to the Village of Greene Police Department—was sufficient to identify the issuing court. Nor do we agree with the People's characterization of the error as a mere technicality that should not invalidate an otherwise proper warrant. CPL 690.45 (1) expressly requires that the name of the issuing court be set forth, and contemplates that a search warrant must contain on its face information from which both the police who are executing the warrant and the person in possession of the subject property can verify the court's authority to issue the warrant (*see People v Crandall*, 108 AD2d 413, 417-418 [1985], *affd* 69 NY2d 459 [1987]). To hold valid a warrant that utterly fails to provide this information would render this specifically enumerated statutory provision meaningless.

In sum, because the search warrant at issue here contains no information from which the issuing court can be discerned, it does not substantially comply with CPL 690.45 (1) and is, therefore, invalid. Accordingly, we reverse defendant's conviction and grant the motion to suppress the evidence seized pursuant to the search warrant.

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted, and matter remitted to the County Court of Chenango County for further proceedings not inconsistent with this Court's decision.