[981 NE2d 256, 957 NYS2d 660]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN M. GAVAZZI, Respondent.

Argued October 16, 2012; decided November 27, 2012

**APPEARANCES OF COUNSEL**

*Joseph A. McBride, District Attorney*, Norwich (*Michael J. Genute* of counsel), for appellant.

*John D. Cameron, Public Defender*, Norwich, for respondent.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed.

A New York State trooper, assigned to interview defendant John Mario Gavazzi, who was suspected of receiving and sending child pornography images by email, applied for a warrant to search defendant's residence in the Village of Greene, Chenango County. In drafting the search warrant, the trooper inadvertently typed Local Criminal Court, Town of Broome, Broome County" at the head of the warrant, instead of "Local Criminal Court, Town of Greene, Chenango County." There is no municipality of Broome in either Broome County or Chenango County. The Village Justice signed the warrant without correcting the mistake. His signature was affixed on a line marked "Signature of Judge or Justice," but it is illegible, and the court is not named.

Upon executing the warrant, the trooper entered and searched defendant's residence, where he found printed photographs of young, nude children. Defendant was arrested.

On a motion to suppress, defendant argued that the search warrant did not substantially comply with CPL 690.45 (1). The prosecutor countered that the mistake was merely a technical error. The defense motion was denied. County Court convicted defendant, upon his guilty plea, of promoting a sexual performance by a child and possessing a sexual performance by a child, but stayed his sentence pending appeal.

The Appellate Division granted defendant's motion to suppress, and reversed County Court's judgment. The Appellate

Division held that the search warrant did not substantially comply with CPL 690.45 (1), because it contained "no information from which the issuing court can be discerned" (84 AD3d 1427, 1429 [3d Dept 2011]). We agree with the Appellate Division.

A search warrant must contain "[t]he name of the issuing court" (CPL 690.45 [1]). The standard for adherence with the statutory requirement is "substantial—rather than literal—compliance" (*People v Taylor*, 73 NY2d 683, 688 [1989]; *see People v Brown*, 40 NY2d 183, 186 [1976]). If "a conscientious effort" (*Brown*, 40 NY2d at 188) was made to comply with the statutory requirement, and the warrant contains information from which the identity of the issuing court may reasonably be inferred, courts will typically validate a warrant (*see e.g. People v Smythe*, 172 AD2d 1028 [4th Dept 1991]; *People v Pizzuto*, 101 AD2d 1024, 1024-1025 [4th Dept 1984]).

Here, the Village Justice who signed the warrant included no designation of his court, his signature is illegible, there is no seal, and the caption typed by the trooper refers to a nonexistent town. While it is clear that the warrant directs Village of Greene police officers to search a house in Greene, there is no indication whatsoever which of the several courts that have authority to issue warrants in the Village of Greene issued the warrant permitting the search. As the Appellate Division put it, "on its face the warrant appears to [have been] issued by an unidentified judge in a nonexistent court and town in a different county" (84 AD3d at 1429). As such, we conclude that the warrant did not substantially comply with CPL 690.45 (1).

Finally, contrary to our dissenting colleague, suppression is warranted because the name requirement of CPL 690.45 (1) "operates directly to protect and preserve a constitutionally guaranteed right of the citizen" (*People v Patterson*, 78 NY2d 711, 717 [1991]; *see also People v Greene*, 9 NY3d 277, 280-281 [2007]). The right safeguarded by the name requirement is the right that is protected by the constitutional requirement of a warrant (US Const 4th Amend; NY Const, art I, § 12)—the right to have a "neutral and detached magistrate" (*Johnson v United States*, 333 US 10, 14 [1948]) sign the warrant to search one's house.

SMITH, J. (dissenting). The suppression of evidence is a drastic remedy—one that increases the likelihood of, if it does not guarantee, an unjust result. Very often it means, in the famous

phrase of our most famous predecessor, that "[t]he criminal is to go free because the constable has blundered" (*People v Defore*, 242 NY 13, 21 [1926, Cardozo, J.]). We have several times made clear that evidence should be suppressed only to protect constitutional rights, not to punish every violation of a statute (*People v Taylor*, 73 NY2d 683, 690-691 [1989]; *People v Patterson*, 78 NY2d 711, 714-718 [1991]; *People v Greene*, 9 NY3d 277, 280-281 [2007]). Yet here the majority grants suppression as a remedy for a clerical error where no constitutional right was endangered.

The majority relies on *Taylor* for the proposition that "[t]he standard for adherence with the statutory requirement is 'substantial—rather than literal—compliance' " (majority mem at 909, quoting *Taylor*, 73 NY2d at 688). But we made clear in *Taylor* that application of the "substantial compliance" test turned on whether a constitutional right was in jeopardy. While the error in *Taylor*—violation of a statutory command that testimony in support of a search warrant application be either recorded or summarized on the record (CPL 690.40 [1])—did not itself violate a constitutional requirement, we emphasized that the purpose of the statute was to implement constitutional prohibitions against unreasonable searches and seizures. We explained:

> "This failure of substantial compliance with the requirements of law requires that the evidence discovered during the search purportedly authorized by the defective warrant be suppressed, notwithstanding that the recordation requirement is set forth in a statute rather than in the State or Federal Constitution. The purpose of the recordation requirement of CPL 690.40 (1) is to provide the very basis for an appellate determination of probable cause for issuance of a search warrant. Thus, substantial failure to comply with this statute is wholly unlike other statutory violations. While not itself a constitutional requirement, compliance is indispensable to the determination whether the constitutional requirements for a valid search and seizure have been met" (73 NY2d at 690 [citations omitted]).

*Patterson* involved another statutory violation—a failure to return defendant's photograph after a charge against him had been dismissed (*see* CPL 160.50 [1] [a]). We denied suppression of evidence that resulted from this error, saying:

"Although CPL 160.50 was violated, that violation did not infringe upon any constitutional right of the defendant sufficient to warrant invocation of the exclusionary rule" (78 NY2d at 714).

Distinguishing *Taylor* and other cases, we said:

"[W]e have, in limited circumstances, held that the violation of a statute may warrant imposing the sanction of suppression. However, we have done so only where a constitutionally protected right was implicated, a circumstance not here present" (*id.* at 716-717).

More recently, in *Greene*, we denied suppression of evidence resulting from a breach of the statutory physician-patient privilege (CPLR 4504 [a]), and reaffirmed the rule of *Taylor* and *Patterson*:

"Our decisions make clear that a violation of a statute does not, without more, justify suppressing the evidence to which that violation leads . . . .

"We have made an exception to this rule only when the principal purpose of a statute is to protect a constitutional right" (9 NY3d at 280).

The statute at issue here, CPL 690.45 (1), requires a search warrant to contain "[t]he name of the issuing court." It seems clear to me that this requirement is neither constitutional in itself nor designed to protect constitutional rights. The majority says that it safeguards the right to have the warrant signed by a " 'neutral and detached magistrate' " (majority mem at 909, quoting *Johnson v United States*, 333 US 10, 14 [1948]); the implicit suggestion—that to tolerate errors in naming the court will open the door to alleged "warrants" that are not in fact signed by a judge at all—is, I respectfully submit, far-fetched. The name requirement is essentially formal, and sloppiness in complying with it, while regrettable, endangers no one's liberty. In this, it is in contrast to the requirement of CPL 690.40 (1), at issue in *Taylor*, that the evidence supporting a search warrant be appropriately memorialized; a violation of that requirement creates the real risk that warrants issued without adequate support will escape scrutiny.

The majority concludes that the warrant here "did not substantially comply with CPL 690.45 (1)" (majority mem at 909) because the name of the court cannot be deduced from the face of the warrant. I grant that this warrant did not come close

to complying with the "name" requirement of the first subdivision of CPL 690.45. But following the rule of *Taylor, Patterson* and *Greene*, I would hold that that is not the decisive question. The warrant did comply—not just substantially, but literally—with those parts of CPL 690.45 that are designed for the protection of constitutional rights. Specifically, the warrant complied with CPL 690.45 (4) and (5) by describing the place to be searched and the things to be seized. These subdivisions implement the requirements of the Fourth Amendment to the United States Constitution and article I, § 12 of the New York Constitution.

The violation of the non-constitutional requirement of section 690.45 (1) does not justify the suppression of evidence. I would reverse the Appellate Division order, reinstate County Court's order denying suppression, and reinstate defendant's conviction.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ and PIGOTT concur; Judge SMITH dissents and votes to reverse in an opinion.

Order affirmed in a memorandum.