*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 17, 2014                    104649
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                              MEMORANDUM AND ORDER

ALBERT LAWING,
                        Appellant.
_____


Calendar Date:   May 30, 2014

Before:   Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                        _____


          Marshall Nadan, Kingston, for appellant.

          D. Holley Carnright, District Attorney, Kingston (Shirley
Huang of counsel), for respondent.

                        _____


Lynch, J.

          Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered August 26, 2011, upon a verdict
convicting defendant of the crimes of assault in the first
degree, attempted murder in the second degree, criminal use of a
firearm in the first degree and criminal possession of a weapon
in the second degree (two counts).

          Defendant was charged in an indictment with assault in the
first degree, attempted murder in the second degree, criminal use
of a firearm in the first degree, two counts of criminal
possession of a weapon in the second degree, and assault in the
second degree.  The charges related to the shooting of the victim
on the evening of July 1, 2010 in the City of Kingston, Ulster
County.  The matter proceeded to a jury trial during which

several witnesses to the incident identified defendant as the shooter, but the victim did not testify. At the close of the People's case, defendant requested a missing witness charge with respect to the victim. County Court rejected the request, and the jury subsequently convicted defendant of all charges except assault in the second degree.

Defendant then moved to set aside the verdict pursuant to CPL 330.30, alleging, as relevant here, that the People had engaged in prosecutorial misconduct by misrepresenting to County Court that they had engaged in diligent efforts to locate the victim prior to trial. Following a hearing, the court concluded that diligent efforts had been made and that defendant had not been denied a fair trial by the People's representations in that regard. Thereafter, the court sentenced defendant to an aggregate term of 25 years in prison, with five years of postrelease supervision, prompting this appeal.

Defendant primarily argues that County Court abused its discretion in denying his request for a missing witness charge. "The three preconditions for the charge are that the witness's knowledge must be material to an issue in the case, the testimony must be expected to be noncumulative and favorable to the party against whom the charge is sought, and the witness must be available to that party" (People v Onyia, 70 AD3d 1202, 1204 [2010] [citation omitted]; see People v Savinon, 100 NY2d 192, 197 [2003]). A trial court's decision of whether to grant the charge is reviewable on an abuse of discretion standard (see People v Savinon, 100 NY2d at 197; People v Onyia, 70 AD3d at 1204).

The People did not dispute that defendant's request for the missing witness charge was timely or that he demonstrated prima facie entitlement to the charge by establishing that the victim was knowledgeable about a material issue in the case and could be expected to give noncumulative testimony favorable to the prosecution (see People v Vasquez, 76 NY2d 722, 723 [1990]; People v Gonzalez, 68 NY2d 424, 427-428 [1986]). Thus, the burden shifted to the People to refute that showing or demonstrate that "the testimony would [have been] cumulative to other evidence, that the witness [was] not 'available,' or that

the witness [was] not under the [People's] 'control' such that he would not be expected to testify in [the People's] favor" (People v Gonzalez, 68 NY2d at 428; see People v Kitching, 78 NY2d 532, 536-537 [1991]; People v Onyia, 70 AD3d at 1204).  This case turns on the availability component of the rule (see People v Savinon, 100 NY2d at 197-198).  I,n that regard, the People asserted that the victim was not available because his whereabouts remained unknown despite diligent efforts to locate him.  The People indicated that the victim had been a cooperative witness prior to trial, appearing in March 2011 when requested to give police a buccal swab in connection with this case.  The prosecutor personally served a subpoena on the victim at that time, directing him to appear for trial on April 26, 2011, and believed that the victim would appear (cf. People v Savinon, 100 NY2d at 199-200).  When the prosecutor attempted again to contact the victim shortly before trial, one telephone number was out-of-service and, at another number, the prosecutor was informed that the victim would return the phone call.  The victim, however, did not return the call or appear for trial.

Meanwhile, the People requested that an investigator and police detective locate the victim.  The investigation revealed the victim's last known address in Maryland, and an officer with a Maryland Sheriff's Department visited the residence, found it in disrepair and left a note for the victim to call the Ulster County District Attorney's office.  The resident of that address called the prosecutor shortly thereafter to tell him that she had lived there for approximately 10 months and, although she received mail and a Federal Express package addressed to the victim, she did not know him.  The People also made unfruitful inquiries with the Kingston Police Department regarding whether they had seen the victim in the area.  Given the victim's willingness to cooperate until just prior to trial — including his appearance to give DNA evidence — the People's personal service of a subpoena upon him, and the People's efforts to locate him when he unexpectedly did not appear for trial, County Court did not abuse its discretion in denying defendant's request for the missing witness charge (see People v Savinon, 100 NY2d at 198; People v Gonzalez, 68 NY2d at 428; People v Mobley, 77 AD3d 488, 489 [2010], lv denied 15 NY3d 954 [2010]; People v Brooks, 62 AD3d 511, 511 [2009], lv denied 12 NY3d 923 [2009]; People v

Harris, 19 AD3d 871, 874 [2005], lv denied 5 NY3d 806 [2005]; People v La Motte, 285 AD2d 814, 816 [2001]; People v Munroe, 185 AD2d 530, 532 [1992])

Turning to the denial of defendant's CPL 330.30 motion to set aside the verdict, while defendant's arguments are couched in terms of prosecutorial misconduct, they are based solely upon his meritless assertion that he was entitled to a missing witness charge.  Accordingly, County Court properly denied the motion, and the judgment must be affirmed (see CPL 330.30[1]; People v Simmons, 111 AD3d 975, 977 [2013], lv denied 22 NY3d 1203 [2014]).

Stein, J.P., McCarthy, Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court