People v Douglas (2018 NY Slip Op 04388)





People v Douglas


2018 NY Slip Op 04388


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

107377

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEITH DOUGLAS, Appellant.

Calendar Date: April 26, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Mitchell S. Kessler, Cohoes, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered January 9, 2015 in Albany County, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second degree (two counts), criminal sale of a controlled substance in the third degree (two counts) and criminal possession of marihuana in the fifth degree, and (2) by permission, from an order of said court, entered August 28, 2015 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

A confidential informant (hereinafter CI) made two controlled purchases of crack cocaine from defendant on separate dates in October 2013. Thereafter, police officers searched his apartment pursuant to a warrant. Defendant was indicted in November 2013 on various charges arising out of the execution of the warrant. Supreme Court denied his motion to suppress evidence based upon alleged deficiencies in the warrant application.
In April 2014, defendant was indicted on several charges arising out of the two controlled purchases. Supreme Court granted the People's motion to consolidate the indictments and, after it became apparent that defendant's assigned counsel had previously represented the CI, appointed new counsel for defendant. Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the fourth degree, criminally using drug paraphernalia in the second [*2]degree (two counts), criminal sale of a controlled substance in the third degree (two counts), and criminal possession of marihuana in the fifth degree. He was sentenced as a second felony offender to an aggregate prison term of 28 years. Following his sentencing, defendant, pro se, moved pursuant to CPL 440.10 to set aside the judgment of conviction. The court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.
We reject defendant's argument that the search warrant application and the warrant were fatally defective on the ground that neither document provided the printed name of the issuing magistrate. Contrary to defendant's assertion, the requirements of CPLR 2101 (a) are not controlling here. Although 22 NYCRR 200.3 generally requires "paper[s] filed in [criminal] court" to comply with that provision, the specific requirements for search warrants and warrant applications are set forth in CPL 690.35 and 690.45 (see e.g. People v Gavazzi, 20 NY3d 907, 908-909 [2012]; People v Zimmer, 112 AD2d 500, 501 [1985]; see generally People v Lamont, 144 AD3d 1330, 1331 [2016], lv denied 28 NY3d 1185 [2017]; People v Crisp, 268 AD2d 247, 247 [2000], lv denied 94 NY2d 946 [2000]). Neither CPL provision requires the inclusion of the issuing magistrate's printed name. Here, the warrant application complies with the statutory requirements; we note that it includes the name of the issuing court, the name and title of the police officer who made the application, and the officer's sworn signature (see CPL 690.35 [1], [3] [a]). The warrant is headed with the name of the issuing court, and the issuing magistrate is identified, in a line below the signature, as a "[j]ustice" of the same issuing court (see CPL 690.45 [1]; compare People v Gavazzi, 20 NY3d at 909). Accordingly, Supreme Court properly denied defendant's suppression motion.
Defendant next contends that reversal is required because Supreme Court denied his challenge for cause to a prospective juror who was related to one of the trial witnesses. When asked about the relationship, the juror explained that the witness was his cousin; later, in somewhat unclear testimony, he appeared to indicate that the witness was his second cousin [FN1]. Defense counsel made a challenge for cause on the basis of this family relationship, and also based upon the testimony that the juror and the witness had a social relationship. Supreme Court denied the challenge, noting that the juror had stated that he could treat the testimony of the witness fairly despite the relationship. However, this determination applied the incorrect standard.
As pertinent here, CPL 270.20 (1) (c) provides that a prospective juror may be challenged for cause if he or she has a relationship "within the sixth degree by consanguinity . . . to a prospective witness at the trial." Such a relationship, like the others set forth in CPL 270.20 (1) (c), establishes an "implied bias," which "requires automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect [his or] her ability to be fair and impartial" (People v Furey, 18 NY3d 284, 287 [2011]; accord People v Bedard, 132 AD3d 1070, 1070-1071 [2015]; see People v Powell, 153 AD3d 1034, 1037 [2017]; People v Wlasiuk, 90 AD3d 1405, 1412 [2011]). The juror's relationship with the witness fell within the sixth degree of consanguinity whether the witness was his first or second cousin (see People v Walters, 12 AD3d 953, 954 [2004]; Matter of von Knapitsch, 296 AD2d 144, 147-148 [2002]; People v Clark, 16 NYS 473, 474 [Sup Ct, Gen Term, 3rd Dept 1891]; 38 NY Jur 2d, Decedents' Estates §§ 111, 112). Accordingly, we agree with defendant that his challenge for [*3]cause should have been granted.
Nonetheless, we reject defendant's claim that reversal is required on the ground that he used a peremptory challenge to dismiss the juror and thereafter exhausted his remaining peremptory challenges (see e.g. People v Lynch, 95 NY2d 243, 248 [2000]). Instead, the record reveals that the error was cured when Supreme Court subsequently granted him an additional peremptory challenge. The court thus put defendant in the same position that would have resulted if the challenge for cause had been granted (see People v Donahue, 81 AD3d 1348, 1349 [2011], lvs denied 16 NY3d 894 [2011]; People v Miles, 55 AD3d 955, 955 [2008], lv denied 11 NY3d 928 [2009]; People v Apolinar, 208 AD2d 548, 550 [1994], lv denied 84 NY2d 1028 [1995]; see also People v Wales, 138 AD2d 766, 768 [1988], lv denied 72 NY2d 868 [1988]).[FN2]
We reject defendant's claim that Supreme Court erred in denying his request for a missing witness instruction pertaining to a female officer who searched the CI before the controlled purchases. Such a charge "allows a jury to draw an unfavorable inference based on a party's failure to call a witness who would normally be expected to support that party's version of events" (People v Savinon, 100 NY2d 192, 196 [2003]; accord People v Onyia, 70 AD3d 1202, 1204 [2010]). Here, defendant did not meet his burden of establishing one of the three necessary conditions for the requested charge, that is, to demonstrate that the witness would be expected to give noncumulative testimony (see People v Savinon, 100 NY2d at 197; People v Brown, 139 AD3d 1178, 1179 [2016]; People v Turner, 73 AD3d 1282, 1284 [2010], lv denied 15 NY3d 896 [2010]). Taken together, the testimony of the two detectives who conducted the controlled transactions — both of whom were male — established that the female CI was searched at the police station before each purchase by a female "matron" to make sure that she was not carrying any contraband, searched again by one of the detectives in the police vehicle just before each transaction, and searched a third time by the same detective immediately afterward. They described the search procedure that the detective employed and the more thorough procedure that the female matron could use if necessary. They further stated that the CI had participated in "dozens" of previous transactions and had never been found to be hiding contraband. The CI testified consistently with the detectives, stating that she was searched by a "matron" before each purchase and then by one of the detectives before and after the transaction. Although defendant now contends that the CI's testimony did not clearly establish the extent of the female officer's search and, thus, whether the CI could have been carrying undetected drugs, the CI testified that she did not have any contraband. Defense counsel did not challenge her credibility on this point, and did not seek to obtain more details about the search during cross-examination. In view of "the consistent and uncontradicted testimony" of the detectives and the CI, defendant failed to demonstrate that the female officer's testimony would have been noncumulative, and, thus, Supreme Court did not abuse its discretion in denying his request (People v Turner, 73 AD3d at 1284; see People v Edwards, 14 NY3d 733, 735 [2010]; People v Cummings, 157 AD3d 982, 987 [2018], lv denied 31 NY3d 982 [2018]; People v Jackson, 151 AD3d 1466, 1469 [2017], lv denied 30 NY3d 950 [2017]).
Defendant's claim that his sentence was imposed in retaliation for his choice to reject a proposed plea agreement and to exercise his right to trial is unpreserved (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Martinez, 144 AD3d 1326, 1326 [2016], lv denied 28 NY3d [*4]1186 [2017]). In any event, the mere fact that defendant's aggregate prison sentence was greater than those offered in two pretrial plea offers that he rejected "is not proof that defendant was penalized for exercising his right to a jury trial" (People v Robinson, 72 AD3d 1277, 1278 [2010], lv denied 15 NY3d 809 [2010]; accord People v Young, 86 AD3d 796, 800 [2011], lv denied 17 NY3d 905 [2011]). Notably, the sentences that defendant were offered before trial contemplated guilty pleas to only one felony, while his ultimate sentence arose from his convictions for multiple felonies and misdemeanors. As for the claim that the sentence is harsh and excessive, upon consideration of defendant's extensive criminal history and failure to express remorse, we find no extraordinary circumstances or abuse of discretion warranting a modification (see People v Lee, 129 AD3d 1295, 1300 [2015], lv denied 27 NY3d 1001 [2016]; People v Sudler, 75 AD3d 901, 906 [2010], lv denied 15 NY3d 956 [2010]).
Supreme Court did not err in denying defendant's CPL 440.10 motion without a hearing, as the allegations raised therein were based upon information in the record and, thus, were reviewable on direct appeal (see CPL 440.10 [2] [b]). Defendant now contends that one of these claims — that the People committed prosecutorial misconduct by failing to disclose the conflict of interest created by the CI's representation by the same counsel who originally represented defendant — depends on evidence outside the record as to when the People learned of the conflict or when knowledge of the conflict could be imputed to them. However, this argument disregards the fact that the first indictment did not arise from the controlled transactions involving the CI. Thus, no conflict existed until the first indictment was consolidated with the second indictment, from which the conflict of interest arose. The record reveals that the consolidation took place in May 2014, and that new counsel was assigned for defendant later that same month. Defendant makes no claim that he received ineffective assistance of counsel as a result of the conflict during this brief period, and, as his defense could not have been harmed by a conflict that did not exist, any information about the period before the consolidation would be irrelevant. Thus, the motion was properly denied (see People v Herbert, 147 AD3d 1208, 1210-1211 [2017]; People v Jones, 101 AD3d 1482, 1483 [2012], lv denied 21 NY3d 1017 [2013]; People v Vallee, 97 AD3d 972, 974 [2012], lv denied 20 NY3d 1104 [2013]).
Defendant's remaining contentions, including those raised in his pro se submission, have been examined and found to be lacking in merit.
Egan Jr., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: The juror used the term "second" while describing his relationship with two cousins, and it was unclear whether he was referring to the cousin who was the witness.

Footnote 2: Contrary to the People's claim, the record clearly establishes that defendant exercised all of his peremptory challenges. Also, contrary to defendant's claim, it is clear that defendant exercised the additional peremptory challenge.