■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN MARSHALL, Appellant. [22 NYS3d 16]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered July 8, 2014, as amended September 12, 2014, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record, with regard to trial counsel's reasoning and strategic choices (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that counsel's choice of defenses fell below an objective standard of reasonableness, or that the defense proposed by defendant on appeal had any greater chance of success than the defenses actually employed by counsel, which essentially sought to invoke the jury's unofficial power of nullification (*see People v Zayas*, 89 AD3d 610, 611 [1st Dept 2011], *lv denied* 18 NY3d 964 [2012]).

Defendant's challenge to the court's charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the charge, viewed as a whole, adequately explained larcenous intent as it related to criminal possession of stolen property.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Richter, Manzanet-Daniels and Kapnick, JJ.