■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JACKSON, Appellant. [58 NYS3d 218]—

McCarthy, J. Appeal from a judgment of the County Court of Franklin County (Hall, J.), rendered May 2, 2014, upon a

verdict convicting defendant of the crimes of burglary in the first degree, assault in the second degree, strangulation in the second degree, criminal contempt in the first degree, assault in the third degree and criminal mischief in the fourth degree.

On the night in question, defendant went over to the house of his ex-girlfriend (hereinafter the victim), purportedly to return some of the victim's things and talk. Based on allegations that included that defendant thereafter repeatedly struck the victim, covered her mouth and nose to constrict her breathing and, after the victim managed to lock him out of the house, kicked down the door, entered the home and hit her in the face, defendant was thereafter charged in a six-count indictment. Defendant was charged with burglary in the first degree, assault in the second degree, strangulation in the second degree, criminal contempt in the first degree, assault in the third degree and criminal mischief in the fourth degree. Defendant was convicted as charged following a jury trial. County Court thereafter sentenced defendant to a prison term of 15 years, plus five years of postrelease supervision, on his conviction of burglary in the first degree, a prison term of seven years, plus three years of postrelease supervision, on his conviction of assault in the second degree, a prison term of seven years, plus three years of postrelease supervision, on his conviction of strangulation in the second degree, a prison term of 1⅓ to 4 years on his conviction of criminal contempt in the first degree and one-year jail terms for each of his convictions of assault in the third degree and criminal mischief in the fourth degree. County Court ordered concurrent sentences on all but the criminal contempt in the first degree conviction, which was to run consecutively to the sentence imposed on the conviction of burglary in the first degree. Defendant appeals, and we affirm.

Defendant contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence, arguing that the People failed to disprove that he was an invitee or failed to prove that he formed a contemporaneous intent to commit a crime at any time that he unlawfully entered or remained on the premises. Initially, defendant's challenge to the legal sufficiency of the evidence is unpreserved given that he presented evidence after his unsuccessful motion to dismiss and did not renew the motion at the close of proof (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Peterkin*, 135 AD3d 1192, 1192 [2016]). Nonetheless, we necessarily review defendant's claims in our weight of the evidence review (*see People v Peterkin*, 135 AD3d at 1192; *People v Speed*, 134 AD3d 1235, 1235 [2015], *lv denied* 27 NY3d 1155 [2016]; *People*

*v Coleman*, 144 AD3d 1197, 1198 [2016]). To support the conviction of burglary in the first degree, the People had to prove that defendant had "knowingly enter[ed] or remain[ed] unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he . . . [c]aus[ed] physical injury to any person who is not a participant in the crime" (Penal Law § 140.30 [2]). A "defendant's intent to commit a crime within the premises may be inferred beyond a reasonable doubt from the circumstances of the entry" (*People v Peterson*, 118 AD3d 1151, 1152 [2014] [internal quotation marks and citation omitted], *lv denied* 24 NY3d 1087 [2014]; *see People v Womack*, 143 AD3d 1171, 1171 [2016], *lv denied* 28 NY3d 1151 [2017]).

Both the victim and defendant agreed that defendant did not reside at the victim's home. Although defendant may have initially been an invitee, the victim testified that over the course of the evening, defendant became increasingly upset and began to, among other things, repeatedly hit her. According to the victim, she eventually managed to lock defendant out of her house. The victim explained that defendant thereafter kicked in the locked door while calling her "a stupid bitch," approached her, hit her in the face and then immediately left the home. Photographic evidence confirmed that the victim's door had been broken.

The victim's actions in locking defendant out of her home support the reasonable inference that defendant was no longer an invitee and that he knew that he was unlawfully entering the victim's home when he kicked down her door. Moreover, the inference that defendant entered the dwelling with the intention of assaulting the victim is readily inferable from the evidence of his violent conduct towards the victim preceding her locking him out of his home, his action in kicking down the door and the fact that he then entered the dwelling, hit the victim in the face and then immediately left the home. In addition, the jury was free to reject as incredible defendant's testimony, which largely focused on his contention that many of the victim's extensive wounds were self-inflicted. According deference to the jury's credibility determinations, the finding that defendant knowingly entered the victim's home unlawfully with the contemporaneous intent to commit a crime therein was not against the weight of the evidence (*see People v Hymes*, 132 AD3d 1411, 1412 [2015], *lv denied* 26 NY3d 1146 [2016]; *People v Sabines*, 121 AD3d 1409, 1410-1411 [2014], *lv denied* 25 NY3d 1171 [2015]; *People v Bethune*, 65 AD3d 749, 752 [2009]).

Finally, County Court did not abuse its discretion in denying defendant's request for a missing witness charge in regard to a state trooper who, after defendant's assault on the victim, took photographs of the victim's wounds and spoke to her. A party opposing a missing witness charge can defeat the request for the charge by establishing "that the testimony from the missing witness would be merely cumulative to other evidence" (*People v Onyia*, 70 AD3d 1202, 1204 [2010]; *see People v Keen*, 94 NY2d 533, 539 [2000]). The People established that defendant had been allowed to cross-examine the victim regarding her conversation with the relevant state trooper, who arrived at the scene in response to a 911 call. Moreover, another state trooper testified to arriving at the scene and observing the victim and her wounds, and he also testified to speaking to the victim while she was at the hospital. Given this evidence indicating that the nontestifying state trooper's testimony would have been cumulative to the testifying state trooper, who also spoke with the victim in the aftermath of the incident and observed her wounds, County Court did not abuse its discretion in denying defendant's request for a missing witness charge (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Macana*, 84 NY2d 173, 180 [1994]; *People v Turner*, 73 AD3d 1282, 1284 [2010], *lv denied* 15 NY3d 896 [2010]).

Peters, P.J., Egan Jr., Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.