People v Box (2020 NY Slip Op 01813)





People v Box


2020 NY Slip Op 01813


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1198 KA 17-01328

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KYLE A. BOX, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered March 3, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the first degree, arson in the second degree, arson in the third degree, reckless endangerment in the first degree, tampering with physical evidence (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and the facts by reversing those parts convicting defendant of arson in the third degree, reckless endangerment in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree and dismissing counts four, five, eight, and nine of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), assault in the first degree (§ 120.10 [1]), arson in the second degree (§ 150.15), arson in the third degree (§ 150.10 [1]), reckless endangerment in the first degree (§ 120.25), grand larceny in the fourth degree (§ 155.30 [8]), criminal possession of stolen property in the fourth degree (§ 165.45 [5]), and two counts of tampering with physical evidence (§ 215.40 [2]). Defendant's conviction stems from his conduct in stabbing the victim 46 times in the victim's home, setting fire to the house, and then stealing the victim's vehicle. Defendant gave a statement to the police admitting that he stabbed the victim, but claimed he did so in self-defense. Defendant also pursued an extreme emotional disturbance (EED) affirmative defense during the trial.
We reject defendant's contention that County Court erred in refusing to suppress his statements to the police. Prior to the Miranda warnings being given, defendant was not in custody. He voluntarily accompanied the police during their investigation of the crime and then to the police station, and the questioning was primarily investigatory, not accusatory (see People v Towsley, 53 AD3d 1083, 1084 [4th Dept 2008], lv denied 11 NY3d 795 [2008]; People v Duda, 45 AD3d 1464, 1466 [4th Dept 2007], lv denied 10 NY3d 764 [2008]). We conclude that a reasonable person, innocent of any crime, would not have believed that he or she was in custody (see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). Shortly after arriving at the police station, the police learned of evidence connecting defendant to the crime and thus advised defendant of his Miranda rights, which defendant waived, prior to interrogating defendant. Contrary to defendant's further contentions, the detective's statements prior to issuing the Miranda warnings did not vitiate or neutralize the effect of the warnings (cf. People v Dunbar, 24 NY3d 304, 315-316 [2014], cert denied — US &mdash, 135 S Ct 2052 [2015]), and the police did not engage in tactics that were so fundamentally unfair as to render the statements involuntary (see People v Wolfe, 103 AD3d 1031, 1035 [3d Dept 2013], lv denied 21 NY3d 1021 [2013]; see generally People v Brown, 111 AD3d 1385, 1386 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]).
Defendant contends that the verdict finding him guilty of murder in the second degree, assault in the first degree, arson in the second degree, reckless endangerment in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree is against the weight of the evidence. Addressing first the counts of murder in the second degree and assault in the first degree, upon our independent review of the evidence in light of the elements of those crimes as charged to the jury, as well as the charge with respect to the defense of justification and the EED affirmative defense (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury's rejection of the justification defense with respect to the counts of murder in the second degree and assault in the first degree is not against the weight of the evidence inasmuch as the weight of the evidence supports a determination that defendant lacked a subjective belief that his use of deadly physical force was necessary to protect himself against the victim's use or imminent use of deadly physical force or a forcible criminal sexual act, or that a reasonable person in the same situation would not have perceived that deadly force was necessary (see generally People v Umali, 10 NY3d 417, 425 [2008], rearg denied 11 NY3d 744 [2008], cert denied 556 US 1110 [2009]; People v Burman, 173 AD3d 1727, 1730 [4th Dept 2019]; People v Ford, 114 AD3d 1273, 1274-1275 [4th Dept 2014], lv denied 23 NY3d 962 [2014]). The jury's rejection of the EED affirmative defense is also not contrary to the weight of the evidence (see People v Steen, 107 AD3d 1608, 1608 [4th Dept 2013], lv denied 22 NY3d 959 [2013]), especially considering defendant's conduct after the stabbing occurred.
We further conclude that the jury's verdict with respect to arson in the second degree is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). "A person is guilty of arson in the second degree when he [or she] intentionally damages a building . . . by starting a fire, and when (a) another person who is not a participant in the crime is present in such building . . . at the time, and (b) the defendant knows that fact or the circumstances are such as to render the presence of such a person therein a reasonable possibility" (Penal Law § 150.15). "[T]he definition of person contemplates a living human being," and thus section 150.15 requires that such a person be alive when the fire is started (People v Taylor, 158 AD3d 1095, 1103 [4th Dept 2018], lv denied 32 NY3d 941 [2018], reconsideration denied 32 NY3d 1178 [2019]). Here, the medical examiner testified that the autopsy showed that the victim was still alive when the fire was started and, contrary to defendant's contention, the jury could infer from the evidence that defendant was aware that such was a reasonable possibility.
We agree with defendant, however, that the verdict finding him guilty of reckless endangerment in the first degree is against the weight of the evidence. "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he [or she] recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law
§ 120.25). Count five of the indictment alleged that defendant recklessly engaged in conduct creating a grave risk of death to emergency responders when he intentionally started the fire. We agree with defendant that the verdict on that count is against the weight of the evidence because the People did not prove beyond a reasonable doubt that defendant acted with depraved indifference to human life when he set the fire (see People v Harvin, 75 AD3d 559, 561 [2d Dept 2010]; see also People v Jean-Philippe, 101 AD3d 1582, 1583 [4th Dept 2012]; see generally People v Williams, 111 AD3d 1435, 1435-1436 [4th Dept 2013], affd 24 NY3d 1129 [2015]; People v Feingold, 7 NY3d 288, 296 [2006]). Inasmuch as defendant is challenging only the weight of the evidence with respect to that count and does not challenge the legal sufficiency of the evidence with respect to that count, we cannot reduce the conviction to the lesser included offense of reckless endangerment in the second degree (see People v Cooney [appeal No. 2], 137 AD3d 1665, 1668-1669 [4th Dept 2016], appeal dismissed 28 NY3d 957 [2016]). We therefore modify the judgment by reversing that part convicting defendant of reckless endangerment in the first degree and dismissing count five of the indictment.
We further agree with defendant that the verdict finding him guilty of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree is against the weight of the evidence. With respect to each of those counts, the People were required to establish that the value of the stolen motor vehicle exceeded $100 (see Penal Law §§ 155.30 [8]; 165.45 [5]). It is well settled that a witness "must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value" (People v Lopez, 79 NY2d 402, 404 [1992]; see People v Guarnieri, 122 AD3d 1078, 1079 [3d Dept 2014]). [*2]"Conclusory statements and rough estimates of value are not sufficient" (People v Loomis, 56 AD3d 1046, 1047 [3d Dept 2008]; see People v Slack, 137 AD3d 1568, 1569 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]). Although the monetary element of each crime is quite low, the People did not attempt to meet that threshold through the testimony of any witness. The testimony of a detective that the vehicle was "[d]efinitely worth over probably 10,000" did not satisfy the monetary element of either crime inasmuch as he provided no basis of knowledge for his statement of value. We therefore further modify the judgment by reversing those parts convicting defendant of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree and dismissing counts eight and nine of the indictment.
Defendant contends that a police officer impermissibly usurped the jury's fact-finding role and acted as a summation witness in testifying that the evidence did not match defendant's claim of self-defense. An officer may testify as to his or her observation of the crime scene (see People v Carducci, 143 AD3d 1260, 1261 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). To the extent that the officer offered impermissible opinion testimony, we conclude that any error was harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Casanova, 152 AD3d 875, 878-879 [3d Dept 2017], lv denied 30 NY3d 948 [2017]).
Defendant's contention that he received ineffective assistance of counsel because defense counsel pursued the EED affirmative defense against his wishes is based on matters outside the record and must be raised by way of a motion pursuant to CPL article 440 (see People v Timmons, 151 AD3d 1682, 1684 [4th Dept 2017], lv denied 30 NY3d 984 [2017]; People v Marshall, 134 AD3d 486, 486 [1st Dept 2015], lv denied 27 NY3d 1002 [2016]; People v Jones, 63 AD3d 1582, 1583 [4th Dept 2009], lv denied 13 NY3d 797 [2009]). To the extent that defendant alleges that pursuing the defense was a poor strategy, we conclude that the EED affirmative defense was a reasonable and legitimate strategy, and we thus reject that allegation of ineffective assistance of counsel (see generally People v Benevento, 91 NY2d 708, 712-713 [1998]). We have reviewed the remaining instances of alleged ineffective assistance set forth by defendant and conclude that he received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
As defendant contends and the People correctly concede, arson in the third degree is an inclusory concurrent count of arson in the second degree (see People v Piccione, 78 AD3d 1518, 1519 [4th Dept 2010]). Thus, that part of the judgment convicting defendant of arson in the third degree must be reversed and count four of the indictment dismissed (see generally People v Hickey, 171 AD3d 1465, 1466-1467 [4th Dept 2019], lv denied 33 NY3d 1105 [2019]). We therefore further modify the judgment accordingly. Contrary to defendant's contention, however, assault in the first degree is not an inclusory concurrent count of murder in the second degree (see People v Wyant, 98 AD3d 1277, 1277 [4th Dept 2012]; People v Alvarez, 38 AD3d 930, 934 [3d Dept 2007], lv denied 8 NY3d 981 [2007]).
Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of two counts of tampering with physical evidence pursuant to Penal Law § 215.50 (2), and it must therefore be amended to reflect that he was convicted of two counts of tampering with physical evidence pursuant to section 215.40 (2) (see People v Cruz-Rivera, 174 AD3d 1512, 1514 [4th Dept 2019]).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court