People v Campbell (2021 NY Slip Op 04307)





People v Campbell


2021 NY Slip Op 04307


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


559 KA 18-01549

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAWN CAMPBELL, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 29, 2017. The judgment convicted defendant upon her plea of guilty of attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a plea of guilty of attempted robbery in the second degree (Penal Law
§§ 110.00, 160.10 [1]), defendant contends, and the People correctly concede, that her waiver of the right to appeal is invalid because Supreme Court "mischaracterized it as an 'absolute bar' to the taking of an appeal" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (id. [internal quotation marks omitted]). Nevertheless, we reject defendant's contention that the court erred in refusing to suppress her statements to the police.
Contrary to defendant's contention, the investigator's brief initial conversation with defendant prior to issuing the Miranda warnings did not vitiate or neutralize the effect of the later warnings (see People v Box, 181 AD3d 1238, 1239 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S Ct 1099 [2021]; cf. People v Dunbar, 24 NY3d 304, 315-316 [2014], cert denied 575 US 1005 [2015]). Defendant's further contention that her statements to the police were involuntary or improperly obtained due to the investigator's failure to inquire into her diabetic condition is unpreserved for our review and, in any event, is lacking in merit (see People v Kemp, 266 AD2d 887, 887-888 [4th Dept 1999], lv denied 94 NY2d 921 [2000]). Finally, defendant's contention that the court abused its discretion by refusing to suppress her statements to the police without viewing the video recording of the interview is unpreserved for our review (see generally People v Hicks, 6 NY3d 737, 739 [2005]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court