People v Lombardo (2021 NY Slip Op 07580)





People v Lombardo


2021 NY Slip Op 07580


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

110187
[*1]The People of the State of New York, Respondent,
v
Joseph A. Lombardo, Appellant.

Calendar Date:November 16, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Teresa C. Mulliken, Harpersfield, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Lynch, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered February 6, 2018, upon a verdict convicting defendant of the crime of predatory sexual assault against a child.
During a game of truth or dare while riding the bus to school, the victim (born in 2009) disclosed to another student that defendant — her mother's paramour — was engaging in sexual conduct with her. Defendant was subsequently charged by indictment with predatory sexual assault against a child and attempted rape in the first degree. The attempted rape charge was dismissed by County Court at the beginning of the ensuing jury trial upon the People's motion. Following the trial, defendant was convicted of predatory sexual assault against a child and sentenced to a prison term of 20 years to life. Defendant appeals.
Defendant raises various claims of prosecutorial misconduct directed at certain remarks made by the prosecutor during jury selection and opening statements. As defendant did not object to the challenged remarks, his claims are unpreserved (see People v Andrade, 172 AD3d 1547, 1553 [2019], lvs denied 34 NY3d 928, 937 [2019]; People v Scippio, 144 AD3d 1184, 1187 [2016], lv denied 28 NY3d 1150 [2017]). Nevertheless, we review these claims in the context of defendant's assertion that his trial counsel rendered ineffective assistance in failing to object to the challenged remarks (see People v Johnson, 183 AD3d 77, 89 [2020], lv denied 35 NY3d 993 [2020]). "Reversal based on prosecutorial misconduct is warranted if the misconduct is such that the defendant suffered substantial prejudice, resulting in a denial of due process. In reviewing claims of misconduct, courts will consider the severity and frequency of the conduct, whether the court took appropriate [corrective] action and whether the result would have been the same absent the conduct" (People v Story, 81 AD3d 1168, 1169 [2011] [citations omitted]; see People v Galloway, 54 NY2d 396, 401 [1981]; People v Sammeth, 190 AD3d 1112, 1118 [2021], lv denied 36 NY3d 1123 [2021]).
As for jury selection, defendant takes issue with the prosecutor's line of questioning about whether the prospective jurors would "feel uncomfortable" deciding defendant's guilt based upon testimony from just one witness, assuming the People "were . . . able to prove this case beyond a reasonable doubt." The prosecutor's question in this regard did not convey a wrong statement of law or diminish the People's burden of proof. Rather, it appropriately gauged whether the prospective jurors could decide the case based upon testimony from only one witness if they found her testimony to be credible. This line of questioning reflected "the standard trial tactic of giving the panel of prospective jurors a preview of the [potential] weaknesses in [the People's] case and gauging the reaction" (People v Evans, 242 AD2d 948, 949 [1997] [internal quotation marks and citation omitted], lv denied 91 NY2d 834 [1997]; see People [*2]v Horton, 181 AD3d 986, 996 [2020], lv denied 35 NY3d 1045 [2020]).
Defendant further emphasizes that, during jury selection, the prosecutor stated to one of the prospective jurors: "In a moment, I'm going to ask you to stand up and tell everybody about your last sexual experience. The precise acts you engaged in and [in] what order[,] where your hands w[]ere, your body positions, who it was, how the two of you felt, where it was, what the lighting was . . ., if there was a TV on, music on, et cetera. Okay?" After the juror acknowledged the question, the prosecutor then clarified that she was not "really . . . going to ask [him] to do that," but probed him about "how [he] would
. . . feel if [she] actually did ask [him] to stand up and do that?" The juror confirmed that such questioning would make him nervous. The prosecutor then asked the juror to "imagine an eight[-]year[-]old girl having to sit up on that witness stand and say things like that in that nature." Although the prosecutor could have made her point in a less jarring manner, in context, we cannot conclude that these remarks — which were used as a rhetorical device to highlight why the child victim might appear nervous on the witness stand — crossed the line into the territory of misconduct (see generally People v Smith, 187 AD3d 941, 943-944 [2020], lv denied 36 NY3d 1059 [2021]). To the extent that some of the prosecutor's questions were framed in a manner that could be construed as impermissibly vouching for the credibility of children who report sex abuse, in our view, the comments were not "sufficiently egregious to warrant reversal" on ineffective assistance grounds (People v Nicholson, 26 NY3d 813, 832 [2016]). The other statements made by the prosecutor during jury selection were "appropriately directed at determining the prospective jurors' views on credibility issues likely to be presented at trial" (People v Guay, 72 AD3d 1201, 1203 [2010], affd 18 NY3d 16 [2011]).
Turning to the People's opening statement, we recognize that it was, at times, sexually explicit in detail. However, it appropriately relayed the facts that the People expected to prove at trial and the evidence that would be introduced to satisfy their burden (see People v Kurtz, 51 NY2d 380, 384 [1980], cert denied 451 US 911 [1981]; People v Colburn, 123 AD3d 1292, 1296 [2014], lv denied 25 NY3d 950 [2015]). Although the prosecutor's characterization of the facts as "undeniable" is of some concern (see People v Fredrick, 53 AD3d 1088, 1088 [2008]), the prosecutor did not directly vouch for the victim's credibility, and any prejudice to defendant flowing from this remark was dissipated by County Court's instruction to the jurors, following the close of proof, that they "were the finders of fact and it [was] for [them] and [them] alone to determine the facts from the evidence that [they] f[ound] to be truthful and accurate" (see People v Johnson, 183 AD3d at 90; compare People v Griffin, 125 AD3d [*3]1509, 1510 [2015]). We have considered defendant's additional challenges to the prosecutor's opening statement and find that counsel's failure to object did not amount to ineffective assistance.
Because the record does not demonstrate "'a flagrant and pervasive pattern of prosecutorial misconduct so as to deprive defendant of a fair trial'" (People v Rudge, 185 AD3d 1214, 1217 [2020], lv denied 35 NY3d 1070 [2020], quoting People v Johnson, 176 AD3d 1392, 1396 [2019], lvs denied 34 NY3d 1129, 1131 [2020]), any objection by defense counsel either during jury selection or in the prosecutor's opening statement would have had "little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]). When considering the defense counsel's advocacy as a whole, we are satisfied that defendant received meaningful representation (see People v King, 27 NY3d 147, 159 [2016]; People v Rudge, 185 AD3d at 1217).
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.