*Box v. Lilley*

# In the
# United States Court of Appeals
### For the Second Circuit

---

August Term, 2024

(Submitted: December 13, 2024     Decided: December 20. 2024)

Docket No. 23-7986

---

KYLE A. BOX,

*Petitioner-Appellant,*

–v.–

LYNN LILLEY, SUPERINTENDENT, EASTERN CORRECTIONAL FACILITY,

*Respondent-Appellee.*\*

---

Before:     ROBINSON, NATHAN, *Circuit Judges*, and BRICCETTI, *District Judge.*†

---

\* The Clerk's office is directed to amend the caption as reflected above.

† Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

Petitioner-Appellant Kyle A. Box appeals from an order of the United States District Court for the Northern District of New York (Hurd, *J.*), dismissing his petition for relief pursuant to 28 U.S.C. § 2254 as untimely.

In *Green v. United States*, 260 F.3d 78 (2d Cir. 2001), we held that when a motion nominally seeking an extension of time to file a § 2255 petition contains sufficient allegations to support a claim under § 2255, a district court is empowered, and in some instances may be required, to treat that motion as a substantive motion for relief under § 2255. We conclude that the logic of our decision in *Green* applies with equal force to § 2254 petitions. We thus **VACATE** and **REMAND** for the district court to assess whether Box's June 2021 letter requesting an extension of time to file a § 2254 petition can reasonably be construed as a timely § 2254 petition.

Kyle A. Box, *pro se*, Napanoch, NY, *for Petitioner-Appellant*.

Barbara D. Underwood, Solicitor General, Ira M. Feinberg, Deputy Solicitor General for Criminal Matters, Jalina J. Hudson, Assistant Attorney General of Counsel, *for* Letitia James, Attorney General for the State of New York, New York, NY, *for Respondent-Appellee*.

PER CURIAM:

Petitioner-Appellant Kyle A. Box, representing himself, appeals from an order of the United States District Court for the Northern District of New York (Hurd, *J.*) dismissing Box's 28 U.S.C. § 2254 petition as untimely.

For the reasons set forth below, we **VACATE** and **REMAND**.

## BACKGROUND

### I. New York Proceedings

In 2017, Box was convicted in New York state court of nine criminal charges arising out of an incident in which he allegedly stabbed a victim, set the victim's house on fire, and stole the victim's vehicle. *People v. Box*, 181 A.D.3d 1238, 1238-39 (N.Y. App. Div. 2020). Box challenged these convictions before a New York appellate court, which, in March 2020, ultimately affirmed his convictions for second-degree murder, first-degree assault, second-degree arson, and two counts of tampering with physical evidence. *Id.* at 1239–41. The court reversed Box's remaining convictions. *Id.* at 1241–43.

The New York Court of Appeals denied his application for leave to appeal in June 2020. *People v. Box*, 35 N.Y.3d 1025 (N.Y. 2020). Box then sought review from the Supreme Court of the United States, which denied Box's petition for a writ of certiorari in January 2021. *Box v. New York*, 141 S. Ct. 1099 (2021).

Box subsequently filed a motion dated March 2021 in the New York trial court for the assignment of counsel so he could request post-conviction relief pursuant to New York Criminal Procedure Law § 440.10. The trial court denied Box's motion in May 2021, and, representing himself, in September 2021 Box filed a NYCPL § 440.10 motion in the New York trial court seeking to vacate his

convictions. The New York trial court denied his motion two months later. The appellate court then denied Box leave to appeal in May 2022, and he sought review by the New York Court of Appeals. The Court of Appeals dismissed his application, concluding that the Appellate Division's order was not appealable. The Court of Appeals subsequently denied Box's motion for reconsideration in November 2022. *People v. Box*, 39 N.Y.3d 961 (N.Y. 2022).

## II. June 2021 Letter

On June 25, 2021, while the state proceedings were ongoing, Box filed a letter with the Northern District of New York. Box provided his state case and indictment numbers and expressed that he was writing to "maintain [his] right to appeal to this court." Suppl. App'x at 98. He stated that he was concerned that his "year and 90 days is coming up from the initial denial" by the Court of Appeals and asked the court for "either an extension for leave to appeal, or a clarification on whether [his] 440.10 motion counts as 'exhausting all revenues.'" *Id.* He also asked the court to inform him if he needed to file an extension for leave to appeal and, as an alternative, argued that the court should consider his letter as such a request. Moreover, Box explained the basis for his challenge to the state court convictions, stating that his "constitutional rights were violated" because he was convicted "purely based on lay witness . . . testimony by police detectives." *Id.* He

4

maintained that "no investigation occurred" as to his claims and that "no physical evidence exist[ed] to contradict [his] claims of self defense." *Id.*

By letter dated July 2, 2021, the district court clerk's office returned Box's submission to him, explaining that it accepts only documents that relate to an existing case or that operate to open a new case. Suppl. App'x at 99. The clerk's office explained that it does not provide "legal guidance or direction" and that no new case was being opened on Box's behalf in the Northern District of New York. *Id.*

### III. District Court Proceedings

In October 2022, Box filed his § 2254 petition and included his June 2021 letter and the clerk's response as exhibits. In opposition, the State argued that the petition was untimely. The district court ultimately agreed with the State and dismissed the petition. *Box v. Lilley*, No. 9:22-cv-1093, 2023 WL 7385151, at *13 (N.D.N.Y. Nov. 8, 2023).

Specifically, the district court determined that Box's convictions became final on January 11, 2021, when the United States Supreme Court denied his application for a writ of certiorari, and therefore, that he had until January 11, 2022, to file his habeas petition pursuant to 28 U.S.C. § 2244(d)(1)(A). *Id.* at *4. The court further concluded that the deadline to file a petition was statutorily tolled from

5

September 2021 to May 2022, during the pendency of Box's NYCPL § 440.10 motion. *Id.* at *6. Based on this tolling, the court concluded that Box's § 2254 petition was due by August 23, 2022, and thus his October 2022 petition was untimely. *Id.*

Citing *Green v. United* States, 260 F.3d 78 (2d Cir. 2001), a panel of this Court granted a certificate of appealability as to "whether the district court erred by not construing a letter that Appellant filed with the court in June 2021, requesting a filing extension, to be a timely 28 U.S.C. § 2254 petition." Motion Order, *Box v. Lilley*, No. 23-7986 (2d Cir. May 3, 2024), ECF No. 16.

## DISCUSSION

In *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), the Supreme Court vacated an order granting a motion to dismiss a § 1983 complaint brought by a pro se plaintiff, determining that the allegations "however inartfully pleaded, [were] sufficient to call for the opportunity to offer supporting evidence." *Id.* at 520. The Court cautioned that briefing by self-represented litigants must be held "to less stringent standards than formal pleadings drafted by lawyers." *Id.*

Subsequently, in *Green*, a petitioner filed a motion for an extension of time to file a petition for relief pursuant to 28 U.S.C. § 2255, which the government opposed, and then asked the court to treat his motion for an extension as a

6

substantive § 2255 petition. 260 F.3d at 81. The district court denied petitioner's motion for an extension, determining that his petition had become untimely while the motion was pending. *Id.* Following the directive from *Haines*, this Court vacated the district court's decision and held that, in the context of a § 2255 petition, when "a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required, under *Haines* to treat that motion as a substantive motion for relief under section 2255." *Id.* at 83. The Court further held that regardless of "when a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255. If it does, the district court should construe it as such, and then decide whether the motion is timely." *Id.* (emphasis omitted).

While this Court has not extended *Green* to § 2254 petitions, we conclude that its reasoning applies with equal force to such proceedings. *See Littlejohn v. Artuz*, 271 F.3d 360, 363 n.1 (2d Cir. 2001) (per curiam) (noting "[S]ections 2254 and 2255 are generally seen as *in pari materia* and therefore the reasoning of cases in the context of § 2255 petitions applies equally to § 2254 petitions" (cleaned up)). Some district courts within this Circuit have recognized this, applying *Green* to § 2254

7

petitions and considering whether to treat a motion for an extension of time to file a § 2254 petition as a substantive claim for relief. *See, e.g.*, *Jimenez v. Doe*, No. 24-cv-4281, 2024 WL 2883027, at *2 (S.D.N.Y. June 5, 2024); *Cruz v. Noeth*, No. 17-cv-06549, 2018 WL 5809948, at *4 (W.D.N.Y. Nov. 6, 2018).

We uphold the district court's reasoning except to the extent that the court did not assess whether Box's June 2021 letter requesting an extension of time can reasonably be construed as a timely petition pursuant to the Court's guidance in *Green*. Accordingly, we remand for the district court to conduct this assessment.

## CONCLUSION

For these reasons, we **VACATE** and **REMAND** to the district court for further proceedings consistent with this Opinion.